**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

ANTHONY D. VENTURA
5452 Hunter Road
Spencer, Ohio 44275

      **Plaintiff,**                                                      JUDGE

vs.

JARED ISAACMAN                                    <u>**COMPLAINT / WITH**</u>
ADMINISTRATOR                                    <u>**JURY DEMAND ENDORSED**</u>
NATIONAL AERONAUTICS AND SPACE
ADMINISTRATION AGENCY
300 Hidden Figures Way
Washington, DC 20024

and

JOHN DOE

      **Defendants.**

---

Now comes the Plaintiff, by and through undersigned counsel, Eric D. Hall, and for his

Complaint states as follows:

<u>**JURISDICTION**</u>

1. Original jurisdiction is proper pursuant to the Administrative Procedure Act (APA), 28

U.S.C. Section 1346 (Tort Claims Act), general federal question jurisdiction, and the

United States Government as a party.

<u>**PARTIES**</u>

2. Plaintiff Anthony D. Ventura (hereinafter "Plaintiff")  is a resident of the Village of

Spencer, County of Medina, State of Ohio.

3.  Defendant, National Aeronautics and Space Administration Agency (NASA, and hereinafter "Defendant") is an independent agency of the United States  federal government responsible for the United States civil space program and for research in aeronautics and space. Jared Isaacman is the appointed Administrator.  Bill Nelson was the previous Administrator.

## PROCEDURAL AND FACTUAL HISTORY

4.  Plaintiff filed a formal complaint with the U.S. Equal Employment Opportunity Commission (EEO) on April 8, 2022.  The complaint stated that the Defendant had discriminated against him based on genetic information and reprisal for refusing to be vaccinated against COVID-19.  Plaintiff is an employee of a contract company HX5-Sierra which performs work at Defendant's Glen Research Center (GRC) in the City of Cleveland, State of Ohio.

5.  Plaintiff formally requested a religious exemption to bypass any vaccination or viral testing mandates based upon his sincerely held religious beliefs protected under Title VII of the Civil Rights Act and the Fourth Amendment of the United States Constitution. Plaintiff's additional objections were that the vaccine was experimental, unvetted, and an unlawful overreach.

6.  That from February 28 to March 8, 2022, Defendant placed Plaintiff on unpaid leave, confiscated his work badge, and threatened him with termination.  As a result, Plaintiff suffered present harm and loss as a result of Defendant's actions,

7.  including loss of income, loss of prestige, alienation from co-workers, and severe emotional distress.  Additionally, Defendant's actions intentionally and improperly

disrupted Plaintiff's contractual relationship with his employer resulting in financial harm and a constructive discharge of his employment with HX5-Sierra.

8. That from August 5 – 18, 2022, Defendant prevented Plaintiff from having access to the GRC due to his religious objection to the COVID-19 vaccine and viral testing methods.

9. On August 16, 2022, Plaintiff received an email from Defendant indicating that Defendant would stop Covid-19 screening testing programs that differentiate among individuals based on their vaccination status.  The email further stated that testing is no longer required for unvaccinated employees or visitors and unbadged contractors coming on center.  At this time Covid-19 had not been eradicated from the United States of America.  Said email was clear and convincing evidence that Defendant's vaccine and testing mandates as previously forced on Plaintiff had no legitimate medical or business purpose.

10. On October 27, 2022, Plaintiff was notified by the EEO that his complaint would be held in abeyance due to the same issues being alleged in a class complaint.

11. That on November 7, 2022, the EEO notified Plaintiff of his right to file a second formal complaint.  On November 10, 2022, Plaintiff filed a second formal complaint.

12. On January 5, 2023, the EEO notified Plaintiff that his second formal complaint would be held in abeyance due to the same issues being alleged in a class complaint.

13. On February 8, 2024, the EEO Administrative Judge (AG) issued a decision dismissing the class Complaint.  On February 21, 2024 the EEO resumed processing Plaintiff's formal complaints as individual complaints.  On April 30, 2024, the EEO consolidated Plaintiff's complaints pursuant to 29 C.F.R. Section 1614.606.

14. On June 10, 2024, the EEO erroneously dismissed Plaintiff's complaint for failure to state a claim and erroneously finding that Plaintiff was not an "aggrieved employee."

15. On March 16, 2026, Plaintiff received a final decision advising him of his right to file a civil action.

## COUNT I

### (Violation of Title VII of the Civil Rights Act of 1964)

16.  The allegations of Paragraphs 1 to 15 are herein incorporated by reference.

17.  Defendant's failure to provide reasonable accommodations for Plaintiff's sincerely held religious beliefs objecting to the COVID-19 vaccine and viral testing protocols violated his civil rights under Title VII.

18. As a direct and proximate result of Defendant's actions, Plaintiff was aggrieved and has suffered injury, damage, and loss.

## COUNT II

### (Retaliation and Reprisal)

19. As a further and separate cause of action Plaintiff states as follows:

20. The allegations of Paragraphs 1 through 19 are herein incorporated by reference.

21. Defendant's actions against Plaintiff constituted reprisal and retaliation based on his exercise of his sincerely held religious beliefs.

22. As a direct and proximate result of Defendant's actions, Plaintiff was aggrieved and suffered injury, including emotional distress and other damage.

## COUNT III

### (Emotional Distress)

23. As a further and separate cause of action Plaintiff states as follows:

24. The allegations of Paragraphs 1 through 23 are herein incorporated by reference.

25. Defendant's actions against Plaintiff caused him to experience severe emotional distress.

26. As a direst and proximate result of Defendant's actions, Plaintiff was aggrieved and suffered severe, debilitating emotional distress.

## COUNT IV

(Tortious Interference With a Business Relationship)

27. As a further and separate cause of action Plaintiff states as follows:

28. The Paragraphs of 1 through 27 are herein incorporated by reference.

29. Defendant's actions against Plaintiff intentionally and improperly disrupted his employment and business or contractual relationship with his employer resulting in financial harm and other damages.

30. As a direct and proximate result of Defendant's actions, Plaintiff was aggrieved and suffered harm.

## COUNT V

(Invasion of Privacy)

31. As a further and separate cause of action Plaintiff states as follows:

32. The Paragraphs of 1 through 31 are herein incorporated by reference.

33. Defendant's actions requiring Plaintiff to disclose or attest to his vaccination status constituted an invasion of privacy.

34. Defendant's actions requiring Plaintiff's disclosure were highly offensive and of no legitimate public or business concern.

35. As a direct and proximate result of Defendant's actions, Plaintiff was aggrieved and suffered harm.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.000) for liquidated/punitive damages as determined at trial, together with reasonable attorney fees, interest according to law and the costs of this action.

Respectfully Submitted,


/s/ Eric D. Hall_____
Eric D. Hall, #0067566
Attorney for Plaintiff
P.O. Box 232
Medina, Ohio 44258
(330) 245-7504
attorneyhall@yahoo.com




**JURY DEMAND**

A TRIAL BY JURY IS HEREBY ON ALL ISSUES SO TRIABLE.

/s/ Eric D. Hall_____
Eric D. Hall, #0067566
Attorney for Plaintiff